Argued and submitted December 17, 1991, reversed and remanded for
reconsideration April 22, 1992

In the Matter of the Compensation of
Elena Meda, Claimant.

Elena MEDA,
*Petitioner,*

*v.*

SAIF CORPORATION
and Slusarenko Orchards,
*Respondents.*

(89-22035; CA A69538)

829 P2d 1046

Dennis O'Malley, Portland, argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's determination that she did not meet her burden to prove that the injuries that she sustained to her left heel and rib occurred on the job.

The Board adopted and affirmed the order of the referee. A section of the order captioned "Findings" contains a discussion of the evidence and findings. In support of her claim, claimant offered her own testimony and that of her son and daughter. Claimant testified that she went to work at about 7 a.m. on the morning of August 28, 1989, picked approximately one-half bag of apples and, at about 7:30 a.m, fell off a ladder while picking. She testified that she fell on her left side and injured her rib area and left heel.

The Board found that claimant's son, who also worked for employer, was the only other worker in the area of the tree from which claimant says that she fell. The Board also found that, as claimant and her son left the orchard at about 7:30 a.m., they passed the owner of employer, and the son advised him that claimant had sprained her ankle, that he was taking her home and that he would return to work. The Board found that, after that conversation, the owner went to the tree where claimant claimed to have been picking but found no apples on the ground or in a bin. It found that he was a credible witness.

The Board found that claimant went to the emergency room at approximately 11 a.m., where she was examined by Dr. Jacobs, who diagnosed a left heel fracture and a left cracked rib. He detected a strong odor of alcohol and took a blood test that showed claimant's blood alcohol level to be .217. He noticed marked bruising and swelling of claimant's left foot.

The Board purported to distinguish between legal and medical causation and found that claimant had not met her burden of proof with respect to either. It stated that there was nothing about the testimony of the owner or claimant's son or daughter that led it to question their credibility. It questioned the "reliability" of claimant's testimony, however, noting that her memory was not sharp and that she was sometimes vague. In particular, the Board was not convinced

by her testimony that her foot had been injured as she described. Additionally, it found that claimant drinks heavily and commented that she had had a distinct odor of alcohol about her at the referee's hearing. The Board also commented:

> "While there is no evidence that she did injure herself away from work in an alcohol-related accident, it is certainly a viable possibility, particularly since her blood alcohol was measured at .217 approximately three and one-half hours after this accident."

The Board noted the discrepancy between claimant's and the owner's evidence concerning whether apples had been picked by claimant on the day of the injury. It also pointed out that Dr. Jacobs, who examined claimant in the emergency room, reported that the extent of the swelling of her ankle suggested that the injury had occurred before claimant went to work. However, Dr. Didelius, who became her treating doctor, had examined her the same day. He noted nothing unusual about the swelling and simply stated that the injury was sustained when she fell off a ladder that day.

The Board held that claimant had not shown, by a preponderance of the evidence, that her injury had occurred on the job as she described. It held that claimant had shown, at best, "a possibility that she fell from the ladder as described and that this fall caused the injuries later diagnosed."

We conclude that the Board must explain its conclusion further. For example, it must have accepted the son's testimony that he and claimant had gone to the orchard to pick apples, had left at 7:30 a.m. and had met employer's owner on the way home. It also believed that the son told the owner about the accident, because it found that the owner went to the area where he was told the accident had happened to investigate. It should explain why it rejected the son's testimony that claimant fell while picking apples, given its finding that there was no basis to question his credibility. The discrepancy concerning whether apples had been picked in the area of the alleged fall does not appear on its face to create doubt as to the cause of the injury, particularly in the light of the fact that employer accepted the claim initially. Additionally, other than the suggestion of the emergency room doctor that the injury might have occurred before claimant

went to work, there is no evidence suggesting that the injury occurred off the job or other than as claimant and her son described. The Board should explain why it rejected the only direct evidence concerning the cause of the injury.

Reversed and remanded for reconsideration.